Jones, E. H., J.
Plaintiff in error, who was plaintiff below, brought suit on a certain policy of fire insurance issued by the defendant company. The issues were made upon the plaintiff’s fourth amended petition, which alleged that the defendant, by the policies of insurance referred to, insured the plaintiff against loss and damage by fire to the amount of $400 on live patterns, etc., “all while contained in the building occupied by The Mowry Car Wheel Works Company, situated at the southeast corner of Eastern Avenue and Lewis street, Cincinnati, Ohio.” It is then alleged that the patterns of the plaintiff on the premises of The Mowry Car Wheel Works Company were stored in two *314 separate buildings at the time the policy was issued, which fact, it is alleged, was known to the defendant’s agent; that the intention of the parties was that the said property should be covered while located and contained not only in thé building at the corner of Eastern avenue and Lewis street, but also while located and contained in the other building on the premises of the Mowry Company; and that by mistake, fraud or inadvertence the agent of the defendant company failed to include both buildings in the description of the location of the risk.
The reformation of the policy, so that the same will stipulate for insurance on the property referred to while located and contained on the premises of the Mowry Company at the southeast corner of Eastern avenue and Lewis street, Cincinnati, Ohio, is prayed for, and that after reformation is ordered plaintiff be given judgment against said defendant in the sum of $400.
The total amount of insurance on these patterns, etc., at this time, was $2400, which was divided among different companies who ' issued separate policies in amounts of about $400 each. It appears from the evidence in this case that at the time these policies were issued, and at all times since, the patterns had been left in the custody of The Mowry Car Wheel Works Company by the plaintiff, and that about nine-tenths of the patterns were stored in the frame building which burned, and which stood a few feet away from the brick building immediately upon the corner of the two streets named.
Mr. Dillaby, a stockholder and a frequent visitor at the Car Wheel Company’s plant, was at the time *315 engaged in the insurance business, and undertook at the request of the superintendent to obtain insurance upon said patterns, which said superintendent had been requested by the plaintiff company to secure.
We think that there is satisfactory evidence that Mr. Dillaby knew that the great bulk of these patterns were stored in the frame building, and it was unquestionably his duty and the duty of the agents of the defendant company who wrote this policy to know what it covered and where the property was located. In the absence of evidence to the contrary the company through its agents must be presumed to have known where the patterns were. The building which was destroyed, or at least a portion thereof, had been for at least 30 years, and possibly for 50 years, used exclusively for the storage of patterns. It is true that in late years some, few patterns were stored in the brick building at the corner, which, according to the claim of the defendant in error, is the only building described or contemplated in the policy. In this connection see Richards on Insurance (2 ed.), page 53, paragraph 6 of Section 43, which reads:
“The contract of insurance having been framed by the insurers in their interest, and the insured being compelled to accept the form offered in order to secure insurance, any ambiguity as to the intent or meaning of its terms, or what properly was intended to be covered, or where situated, will be construed in favor of the insured, and with the purpose of granting him an indemnity for his loss.”
This policy was written and executed by the insurance company and by it delivered to the insured, *316 or rather to The Mowry Car Wheel Works Company for the insured. It is a familiar rule of construction that an instrument will he construed, where its meaning is not clear, most strongly against the person who prepared it. This rule of construction, coupled with the presumption of knowledge as to the location of the patterns on the part of the defendant company, makes it appear to the court that there should be a reformation of said policy and that the court below erred in instructing a verdict for the defendant. We think that the instruction was prejudicial to the rights of plaintiff in error, and that substantial justice has not been done.
For these reasons the judgment is reversed, and the cause remanded for further proceedings.

Judgment reversed, and cause remanded.

Swing and Jones, Oliver B., JJ., concur.